UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHANIEL JEFFERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03278-JRS-DLP |
| | ) | |
| ROBERT E. CARTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING COMPLAINT, DENYING MOTION FOR CLASS ACTION, AND
DIRECTING PLAINTIFF TO SHOW CAUSE OR AMEND**

**I. Screening**

Plaintiff Nathaniel Jeffers is a prisoner currently incarcerated at the Pendleton Correctional

Facility (Pendleton). He brings this civil rights action under 42 U.S.C. § 1983. Because the

plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28

U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to §

1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim

for relief, or seeks monetary relief against a defendant who is immune from such relief. In

determining whether the complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v.*

*Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

1. *Allegations*

The complaint names the following defendants: 1) Commissioner Robert E. Carter; 2) Warden Dushan Zatecky; and 3) Assistant Warden Duane Alsip. The plaintiff sues each defendant in his individual and official capacity. He seeks compensatory and punitive damages and injunctive relief.

The plaintiff alleges that Pendleton is overcrowded. He alleges that the Warden and Assistant Warden have started double-bunking inmates. He also alleges that due to the overcrowding and being on lockdown, medical treatments have been delayed and denied. He alleges many inmates have suffered from delayed treatment.

The plaintiff further alleges that Pendleton is understaffed which has led to denials of recreation and visitation. He alleges that violence among the prison inmates has increased. Also on his list of complaints is the number of hours between meals, that the nutritional value of meals is not adequate for grown men, and the kitchen equipment is not properly sanitized. Finally, he complains that the Indiana Department of Correction (IDOC) has revised the grievance policies to make it more difficult for inmates to complete the process. He alleges that these conditions violate his Eighth Amendment rights.

2. *Discussion*

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that the "conditions of his confinement resulted in the denial of the minimal civilized measure of life's necessities, and that the defendants were deliberately indifferent to the conditions in which he was held." *Gruenberg v. Gempeler*, 697 F.3d 573, 579 (7th Cir. 2012) (internal quotations omitted).

The overarching problem with the plaintiff's complaint is that he does not allege that he has suffered any compensable injury as a result of overcrowding or the other conditions he describes. Section 1983 allows for recovery only by a "party *injured*" by a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015) (a plaintiff must "establish one of the necessary elements of a constitutional tort: that the officer's act ... caused any injury.") (internal quotation omitted).

Double-bunking in prison is not *per se* unconstitutional. *See Rhodes v. Chapman,* 452 U.S. 337, 347-52 (1981); *Heard v. Baldwin,* 732 F. App'x 472 (7th Cir. 2018) (although plaintiff alleged overcrowding, he did not allege that it "created a substantial risk of harm *to him individually* and that prison officials knew about and ignored the risk.") (emphasis added). The plaintiff alleges no violence or other injuries that he suffered as a result of double-bunking and overcrowding. The plaintiff's double-bunking claim is **dismissed for failure to state a claim upon which relief can be granted.**

While the plaintiff alleges generally that inmates are being denied adequate and timely medical care, he does not allege that *he* has been denied any specific treatment. "It is true that delays in care for non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Mitchell v.*

*Kallas*, 895 F.3d 492, 500 (7th Cir. 2018) (internal quotation omitted). "Yet prisons have limited resources, and that fact makes some delay inevitable." *Id.* "For a delay in treatment to qualify as deliberate indifference, we must weigh the seriousness of the condition and the ease of providing treatment." *Id.* (internal quotation omitted). Absent an allegation that the plaintiff has a serious medical condition and has been denied necessary treatment, he cannot state a viable Eighth Amendment claim for deliberate indifference. The plaintiff's denial of medical care claim is **dismissed for failure to state a claim upon which relief can be granted.**

While nutritional food and opportunity for exercise are two of life's necessities, the plaintiff has not alleged that he has been denied meals on a regular basis, lost weight as a result of lack of food, been denied access to the commissary to purchase additional food, or been denied the ability to exercise in or outside of his cell. Again, because he has not alleged that he has suffered these or other types of harm, his inadequate food and recreation claims are **dismissed for failure to state a claim upon which relief can be granted.**

With respect to the change in the IDOC grievance policies, no action lies under § 1983 unless a plaintiff has asserted the violation of a *federal* right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson,* 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). The plaintiff's allegations of violations of or changes in IDOC policy does not support a claim under section 1983 and are therefore **dismissed for failure to state a claim upon which relief can be granted.**

Finally, the complaint contains no allegations of personal wrongdoing on the part of Commissioner Carter. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation…. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Any claim against Commissioner Carter is **dismissed for failure to state a claim upon which relief can be granted.**

For these reasons, the complaint must be **dismissed for failure to state a claim upon which relief can be granted.** *See* 28 U.S.C. § 1915A(b).

## II. Motion to Maintain Suit as a Class Action

A non-attorney cannot bring claims on behalf of anyone else in federal court. *See Georgakis v. Illinois State University,* 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). To certify a class, a plaintiff must establish, among other things, that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In nearly all instances, a pro se prisoner will not be an adequate class representative. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative."). Here, the complaint is being dismissed for failing to state a claim upon which relief can be granted. For that reason and because the plaintiff is pro se, the plaintiff's motion to maintain suit as a class action, dkt. [4], is **denied.**

### III.  Temporary Restraining Order

The plaintiff's motion for a temporary restraining order, dkt. [3], is **denied** as moot because the complaint has been dismissed.

### IV. Show Cause

As noted, the plaintiff's complaint must be dismissed for the reasons set forth above.  The plaintiff shall have **through September 16, 2019,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Any amended complaint must include the words "First Amended Complaint" and the proper case number, 1:19-cv-03294-JPH-MJD, on the first page.

If the plaintiff fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. §  1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

   **IT IS SO ORDERED.**


Date:   8/22/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NATHANIEL JEFFERS
170084
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only